THOMAS SMITH, PLAINTIFF-APPELLANT, v. MARIE C. HARTUNG, DEFENDANT-RESPONDENT.

Submitted February 17, 1933—Decided April 28, 1933.

For the plaintiff-appellant, *Nathan Rabinowitz.*

For the defendant-respondent, *Jacob W. & Edgar A. De Yoe.*

The opinion of the court was delivered by

Donges, J. This appeal brings up a judgment of nonsuit entered in the Supreme Court after a trial at Bergen Circuit before Judge Caffrey. Plaintiff sued to recover damages for an alleged breach of the covenant in a deed from defendant to plaintiff for several parcels of land in Franklin Township, Bergen county, because of deficiency in the quantity of land. The deed was dated December 6th, 1919, and apparently plaintiff went into possession shortly thereafter. The deed described four separate tracts, each being particularly described by courses and distances, and as to the first, second and third tracts, a statement of the acreage "strict measure" was in the deed, and as to the fourth tract the deed stated the acreage as "the same, more or less."

Plaintiff testified that before the purchase he was shown over the ground and was pointed to the stakes which marked the boundaries. It is not disputed that the boundaries so pointed out are in fact the boundaries of the land and the actual monuments of the phyiscal lay-out.

Plaintiff asserts that in the third tract, which was said to contain forty acres, "strict measure," the description is inaccurate and there is a shortage of approximately five acres. He paid $10,000 for the farm, comprising land and buildings. The surveyor for the plaintiff says that he could not close the survey by "twenty-three feet on the eastings and westings," and on the "northings and southings by about six feet." However, it is undisputed that there are fixed monuments marking each course of the description. The beginning point was definitely fixed. Five courses ran in accordance with the description. The sixth and last course was made to read "to the place of beginning." It is this course which the surveyor says did not close. However, the beginning point being fixed and the sixth course running by the description to the "place of beginning," being a fixed monument, the closing would be accomplished by running to the place of beginning.

There is in this deed no covenant of quantity. There is a covenant of title. It is held in this state and generally accepted that a description by metes and bounds will control

as against a statement of quantity unless quantity is covenanted. So here, the description being substantially correct and the monuments being fixed, the quantity follows the description. The rule is stated in *Andrews et ux.* v. *Rue,* 34 *N. J. L.* 402, where Mr. Justice Scudder, speaking for the Supreme Court, said:

"The mere enumeration of the quantity of land at the end of a particular description of the premises by courses, distances and boundaries, however precise, is held to be matter of description merely, and is subject to the other controlling specifications. And this is for obvious reasons. If the boundaries are there, they are the most certain objects, and can readily be found; by them the courses and distances can easily be ascertained; and the quantity is mere matter of computation. If the party purchasing chose, therefore, to trust the measurement of others, asked for no warranty of contents, shows no fraud in the seller, and gets the land he bargained for by the general designation of a farm, within known boundaries and enclosures, the law will not aid him because he did not get the quantity of land he supposed, and which the seller in good faith thought he was conveying.

"Under these circumstances, there is no implied covenant that the land shall contain the exact number of acres named in the deed, and the covenants for title apply to the premises contained within the boundaries, and not to any enumeration of acres."

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.